Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50227 | **DATE** | 6/26/2001 |
| **CASE TITLE** | ECKMANN vs. DIEDRICH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss Count II of plaintiff's complaint is denied. Plaintiff's counsel to advise the court by letter within 30 days if this suit will be pursued in view of plaintiff's death. The Clerk is directed to mail notices in this case to attorney Chris Cosentino at Diedrich & Associates, 126 Oak Street, Suite 103, DeKalb, IL 60115.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | JUN 2 6 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2001 JUN 26 AM 11:38 | 6-26-01 date mailed notice |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

On June 22, 2000, plaintiff, Jeanne Eckmann, filed a three-count complaint against defendant, Edward F. Diedrich. Plaintiff seeks compensatory and punitive damages based on the causes of action of fiduciary fraud (Count I), breach of fiduciary duty (Count II), and legal malpractice (Count III). The court has diversity jurisdiction as plaintiff is a resident of Texas, defendant is a resident of Illinois, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Venue is proper as the sole defendant resides in this district and division. See id. § 1391(a)(1). Before the court is defendant's motion to dismiss Count II.

Although defendant has not identified which rule his motion is brought under, this court considers it a timely motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 n.3 (7th Cir. 1998). The standard for review under Rule 12(c) is the same as that used in a motion to dismiss under Rule 12(b)(6). Id. at 452. The court will "view the facts in the complaint in the light most favorable to the nonmoving party." GATX Leasing Corp. v. National Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995). The motion will be granted only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989).

According to plaintiff's complaint, defendant represented her in a case against the Board of Education of Hawthorn School District in 1984. (Compl. ¶ 4). Defendant continued his representation through the conclusion of the trial and subsequent settlement. (Compl. ¶ 6). At the time of the settlement, plaintiff had relocated to Texas and relied upon defendant for information pertaining to the settlement. (Compl. ¶ 8). She executed a written power of attorney making defendant her attorney in fact for the purpose of executing settlement checks on her behalf. (Compl. ¶ 9). Plaintiff alleges that defendant failed to fully inform her as to the full nature of the settlement, fraudulently concealed such information from her, and misappropriated settlement funds meant for her by retaining such funds for his own use. (Compl. ¶ 13-15).

Defendant moves to dismiss Count II on the basis that it is duplicative of count III. Under Illinois law,[1] two claims are duplicative only if they contain the same factual allegations and the same injury. Majumdar v. Lurie, 653 N.E.2d 915, 920-21 (Ill. Ct. App. 1995). When "the same operative facts support actions for legal malpractice and breach of fiduciary [duty] resulting in the same injury to the client, the actions are identical and the later [sic] should be dismissed as duplicative." Id. at 921; Calhoun v. Rane, 599 N.E.2d 1318, 1321 (Ill. Ct. App. 1992); Kirkland & Ellis v. CMI Corp., No. 95 C 7457, 1996 WL 559951, at *9 (N.D. Ill. Sept. 30, 1996). In Calhoun, the court dismissed the plaintiff's breach of fiduciary duty claim as duplicative of plaintiff's legal malpractice claim citing the allegations in the two counts as "virtually identical." Calhoun, 599 N.E.2d at 1321. The relevant inquiry is "whether the breach of fiduciary duty claim . . . alleges anything that is not in the malpractice claim." Kirkland & Ellis, 1996 WL 559951, at *10. Thus, the court must determine if any operative facts exist to distinguish the breach of fiduciary duty from the legal malpractice claim. Rose v. Mony Life Ins. Co., No. 99 C 4279, 2001 WL 214200, at *3 (N.D. Ill. Mar. 2, 2001).

In this case, the court finds plaintiff's allegations of legal malpractice and breach of fiduciary duty do not stem from the same operative facts and are not, therefore, duplicative. Count III alleges that defendant, in his role as attorney at law for plaintiff, committed legal malpractice by failing to fully inform plaintiff of her rights to proceeds under the settlement negotiated by defendant and negligently miscalculating the amount owed plaintiff. The core of Count II alleges that defendant, while acting in a different capacity as plaintiff's attorney in fact, breached his duty of loyalty by wrongfully keeping for himself portions of the settlement checks to which he was not entitled. The operative facts set forth in each count, though closely related, are distinct and independent. Count III is based on defendant's conduct as plaintiff's attorney at law while he pursued her claim in the Hawthorn litigation. This is a much broader claim covering conduct beyond that which defendant was authorized to do as plaintiff's attorney in fact. Count II is based solely on defendant's activities as plaintiff's attorney in fact whereby defendant was to execute settlement checks on plaintiff's behalf pursuant to the power of attorney plaintiff had executed for that very purpose. The court believes these differences between Counts II and III are sufficient to support separate causes of action. In this respect, plaintiff's complaint differs from those cases where a breach of fiduciary duty claim was found to be duplicative of a legal malpractice claim. Cf. Majumdar v. Lurie, 653 N.E.2d 915 (Ill. Ct. App. 1995) (plaintiff's claims arose out of defendant's legal advice in a single transaction); Calhoun v. Rane, 599 N.E.2d 1318 (Ill. Ct. App. 1992) (plaintiff's claims arose from defendant's continual legal representation during a single matter).

For the reasons stated above, defendant's motion to dismiss Count II of plaintiff's complaint is denied.

---

[1] As the parties cite only Illinois case law, the court assumes Illinois law governs this dispute. See Checkers Eight Lt. P'ship v. Hawkins, 241 F.3d 558, 561 (7th Cir. 2001).