

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50227 | **DATE** | 7/1/2002 |
| **CASE TITLE** | ECKMANN vs. DIEDRICH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. Plaintiff's motions in limine are denied as moot. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL - 2 2002 date docketed | 39 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U. S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2002 JUL -1 AM 11:04 | 7-1-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | CR mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

On June 22, 2000, Plaintiff, Jeanne Eckmann, a Texas resident, filed a three-count complaint against defendant, Edward Diedrich, an Illinois resident, alleging fiduciary fraud (Count I), breach of fiduciary duty (Count II), and legal malpractice (Count III). The court has diversity jurisdiction and venue is proper as the defendant resides in this district and division. 28 U.S.C. §§ 1332, 1391(a)(1). The parties agree Illinois law applies. Thomas A. Eckmann, Independent Administrator of the Estate of Jeanne Eckmann, Deceased, was substituted as plaintiff upon the death of Jeanne Eckmann.[1] Defendant represented plaintiff, pursuant to a one-third contingent fee contract (LR 56.1(a) Exh. A), in a lawsuit in this court which ended in a post-verdict settlement. The settlement documents are dated August 22, 1986. The settlement provided payment to plaintiff of a lump sum of $250,000, annual payments to plaintiff of $66,000 for seven years, a $50,000 payment to plaintiff's son on July 21, 1999, and $275,000 for attorney's fees. Plaintiff contends defendant wrongfully retained $220,000 of the $250,000 lump sum payment, one-third of each of the $66,000 payments and concealed from her the existence of the $275,000 settlement payment for attorney's fees. Plaintiff maintains she finally discovered defendant's misdeeds when she retained an attorney in 1999 to see to the payment of the $50,000 to her son without defendant getting any portion of it. The attorney conducted an investigation which led to the filing of this action. Defendant moved for summary judgment on statute of limitations grounds. Plaintiff filed two motions in limine to be considered if defendant's motion is denied.

This action was commenced nearly fourteen years after the settlement and nearly seven years after the last of the $66,000 payments was due to plaintiff. Since, as plaintiff acknowledges, the maximum limitations period for any of her claims is five years, see 735 ILCS 5/13-205, plaintiff loses unless, as she contends, the discovery rule, defendant's fraudulent concealment, or plaintiff's disability tolled the statute of limitations.

Illinois recognizes a discovery rule which provides that the statute of limitations does not begin to run until the plaintiff knew or reasonably should have known that she was wrongfully injured. See Horbach v. Kaczmarek, 288 F.3d 969,973 (7th Cir. 2002) (applying Illinois law). Normally, the discovery date is a question of fact but where it is apparent from the undisputed facts that only one conclusion can be drawn, it becomes a question for the court. Morris v. Margulis, 754 N.E.2d 314, 318 (Ill. 2001). Defendant has included as Exhibit E to his LR 56.1 statement a document entitled "Release and Settlement Agreement" which is dated August 22, 1986, bears the signature "Jeanne Eckmann" on a line over the term "Releasor", and also bears the signature "M. Page Merriman" with a Texas notary seal affixed bearing Ms. Merriman's name as notary. This document recites Jeanne Eckmann has been paid $250,000, that $275,000 has been paid for attorney's fees, that plaintiff will be paid $462,000 in seven annual installments of $66,000 and that plaintiff's son will be paid $50,000 on July 21, 1999. The notary whose name appears signed on the document, in testifying about her practice when notarizing documents at the time, stated she made sure the whole document was in front of her not just the signature page at the time she witnessed a signature to "make sure the individual knows what they're signing."[2] (Neils Dep. pp. 18-20) A person who fails to read a document before signing it cannot later plead lack of understanding. Breckenridge v. Cambridge Homes, Inc., 616 N.E.2d 615, 620 (Ill. App. 1993), appeal denied, 622 N.E.2d 1201 (1993); see also Rudolph v. Santa Fe Park Enterprises, Inc., 461 N.E.2d 622, 625 (Ill. App. 1984). Plaintiff's testimony is that she did not remember seeing or signing any releases though she admits the authenticity of her signature on a release dated the same date as Exh. E on which she was examined at her deposition. (LR 56.1 (a) ¶14) The notary's testimony supports the conclusion plaintiff had all three release documents in their entirety prior to signing them. Exhibit E advised her of the settlement terms, including the payment of $275,000 for attorney's fees. With this information available to her on August 22, 1986, she reasonably should have known long before June 22, 1995 (the date 5 years before this action was commenced) that she was wrongfully injured by defendant's allegedly keeping $220,000 of the $250,000 lump sum and taking excess fees.

Illinois's fraudulent concealment statute, 735 ILCS 5/13-215, does not help plaintiff. While she maintains defendant did not tell her about the settlement terms, and that he was obliged to do so because he was her fiduciary, she had them available to her in the settlement documents in 1986. She also knew that she did not receive the bulk of the $250,000 payment. Plaintiff simply failed to act upon facts of which she had actual or constructive knowledge. Defendant's action or lack of disclosure cannot reasonably have concealed plaintiff's injury from her based on the information she had available to her. See Melko v. Dionisio, 580 N.E.2d 586, 594 (Ill. App. 1991) A reasonable person would have inquired about the $220,000 far sooner than plaintiff did. See Clark v. Baird, 152 F. Supp. 2d 1040, 1045-46 (N.D. Ill. 2001) ( reasonable person would have noticed unauthorized check for $15,000 in account statement).

Plaintiff's claim of disability is also unavailing. When a potential plaintiff has a legal disability the statute of limitations is tolled until the person is no longer disabled. 735 ILCS 5/13-211; Parks v. Kownacki, 737 N.E.2d 287, 295 (Ill. 2000). A person has a legal disability if the disability prevents her from being fully able to manage her person or estate. 5 ILCS 70/1.06; Parks, 737 N.E.2d at 295. Plaintiff has presented no evidence of what time period she was unable to manage her person or estate or that, in fact, she was incapable at anytime.

For the foregoing reasons, defendant's motion for summary judgment is granted. Plaintiff's motions in limine are denied as moot.

---

[1] The term "plaintiff" will mean Jeanne Eckmann hereafter.

[2] Plaintiff argues in her brief that this document has not been authenticated since it was not presented to plaintiff at her deposition. Defendant notes the document was not available at that time because it was under seal in the court file. Plaintiff has not moved to strike the document. The document was notarized by Ms. Merriman n/k/a Neils and is dated 8/22/86 the same as two releases that were the subject of Ms. Neils deposition. She testified to her practice in notarizing documents at that time. In the absence of evidence Ms. Neils treated Exh. E differently from her usual practice, the court will consider Exh. E.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

JEANNE ECKMANN

v.

EDWARD F. DIEDRICH

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50227

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's motion for summary judgment is granted. Plaintiff's motions in limine are denied. Judgment is entered in favor of the defendant and against the plaintiff. This case is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 7/1/2002

Gale L. Graeff, Deputy Clerk